**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| ANTONIO McMAHAN (#16971-424) and<br>GINO McMAHAN (#21547-424), | )<br>)<br>) | | |
| Petitioners, | )<br>) | Case Nos. | 08 C 6068 |
| v. | )<br>)<br>) | | 08 C 6070 |
| UNITED STATES OF AMERICA, | )<br>) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court are Petitioners Antonio and Gino McMahan's separate motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies both Antonio and Gino McMahan's Section 2255 motions.

**BACKGROUND**

Gino and Antonio McMahan, along with their co-defendants, took part in a long-term drug business on the west side of Chicago and were charged with conspiracy to possess with the intent to distribute narcotics in violation of 21 U.S.C. § 846. In addition, Gino McMahan was charged with one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and two counts of use of a communication facility to commit a drug trafficking crime in violation of 21 U.S.C. § 843(b). Antonio McMahan was charged with one count of distribution of cocaine and two counts of distribution of heroin in violation of 21 U.S.C. 841(a)(1), as well as three counts of using a communication facility in violation of 21 U.S.C. § 843(b). After a jury trial, the jury found Gino McMahan guilty of conspiracy and distribution of cocaine, but found him not guilty

on the Section 843(b) charges. The jury also found Antonio McMahan guilty of all charges against him. The Court then sentenced Gino McMahan to 312 months' imprisonment and Antonio McMahan to 324 months' imprisonment.[1] Thereafter, Gino and Antonio McMahan appealed their convictions, which the Court of Appeals for the Seventh Circuit affirmed. *See United States v. McMahan*, 495 F.3d 410 (7th Cir. 2007).

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). A district court will only grant a Section 2255 motion to vacate, set aside or correct a sentence if the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays v. United States,* 397 F.3d 564, 566-67 (7th Cir. 2005) (citations and internal quotations omitted). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). Accordingly, if a Section 2255 petitioner does not raise a claim in his direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Fuller v. United States,*

---

[1] The Court later reduced Antonio McMahan's sentence to 262 months' imprisonment pursuant to 18 U.S.C. § 3582. (04 CR 423-1, R. 596-1.)

2

398 F.3d 644, 648 (7th Cir. 2005), that enforcing the procedural default would lead to a "fundamental miscarriage of justice," *see Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006), or a change of circumstances involving facts or law. *See Varela,* 481 F.3d at 935-36. Because claims of ineffective assistance of counsel usually involve evidence outside the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

**I.  Limitations Period – 28 U.S.C. § 2255(f)(1)**

The government first argues that both Antonio and Gino McMahan's motions are time-barred pursuant to 28 U.S.C. § 2255(f)(1), which allows a federal prisoner one year from the date on which his judgment becomes final to file a Section 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Latham v. United States,* 527 F.3d 651, 651 (7th Cir. 2008). A judgment is "final" for purposes of Section 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also Robinson v. United States,* 416 F.3d 645, 646 (7th Cir. 2005). The one-year limitations period is subject to equitable tolling, which is granted only if "extraordinary circumstances beyond the litigant's control" prevented the timely filing of a Section 2555 motion. *See United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000).

On appeal, the Seventh Circuit affirmed both Petitioners' convictions on July 20, 2007. Using the anniversary date method, Gino and Antonio McMahan's judgments became final on October 18, 2007 – ninety days after the Seventh Circuit affirmed their convictions – which is when the timing for filing a certiorari petition expired. *See United States v. Marcello,* 212 F.3d 1005, 1009-10 (7th Cir. 2001). Both Antonio and Gino McMahan's Section 2255 motions were entered on the Court's docket on October 23, 2008, more than one year after their judgments became final. Under the "prison mailbox rule," however, a prisoner's correspondence is filed with the district court on the date that the correspondence is delivered into the prison mail system. *See Houston v. Lack,* 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999). Also, Rule 3(d) of the Rules Governing Section 2255 Proceedings Rule requires that a petitioner demonstrate timely filing by a sworn declaration complying with the requirements of 28 U.S.C. § 1746 or a notarized statement.

Here, the portion of the 28 U.S.C. § 2255 forms indicating when Antonio and Gino McMahan placed their Section 2255 motions in the prison mailing system was left blank, although both Gino and Antonio McMahan signed their separate Section 2255 motions on October 17, 2008. Meanwhile, Antonio and Gino McMahan's Reply Briefs were due on or before February 6, 2009, yet – to date – they have failed to file their Reply Briefs explaining when they placed their Section 2255 motions in the prison mailing system or if equitable tolling applies under the circumstances. Accordingly, both Gino and Antonio McMahan's Section 2255 motions are time-barred under Section 2255(f)(1). Nevertheless, for the sake of completeness, the Court will address the merits of Gino and Antonio McMahan's Section 2255 motions.

4

**II.     Merits Analysis**

Construing Antonio and Gino McMahan's pro se Section 2255 motions liberally, *see Dale v. Poston,* 548 F.3d 563, 568 (7th Cir. 2008), they bring the following identical claims: (1) ineffective assistance of trial and appellate counsel; (2) their convictions were obtained in violation of the United States Constitution; and (3) their convictions were obtained without a grand jury indictment.

**A.     Ineffective Assistance of Trial Counsel – Grounds I and II**

To establish ineffective assistance of counsel, Petitioners must show (1) their attorneys' performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other.  *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also Amerson v. Farrey,* 492 F.3d 848, 851 (7th Cir. 2007).  Meanwhile, "because counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness." *United States v. Hatten-Lubick,* 525 F.3d 575, 579 (7th Cir. 2008).  In cases like Gino McMahan's, "where counsel has succeeded in having his client acquitted of at least one of the charges brought, the presumption is likely to be even more difficult to rebut." *United States v. Banks,* 405 F.3d 559, 568 (7th Cir. 2005).

First, Antonio and Gino McMahan argue that their trial attorneys were ineffective because counsel failed to file pre-trial motions under Federal Rule of Criminal Procedure 12(b)

"challenging the legality of the Title III wiretap where petitioners committed no crimes against nor within the United States where the conversations between parties were of a local nature, and where it continued several days beyond the limitations period without any illegal discussions." In short, Petitioners are arguing that an interstate nexus is required for the charged drug offenses under 21 U.S.C. §§ 841(a)(1), 846. It is well-established, however, that there is no interstate element for offenses under Sections 841(a)(1) and 846. *See United States v. Dawson,* 425 F.3d 389, 392 (7th Cir. 2005) (Sections 841, 846, do not make effect on commerce an element of crime). As such, Petitioners' first ineffective assistance of counsel argument based on an interstate nexus requirement fails.

Next, Petitioners argue that trial counsel were constitutionally ineffective because counsel failed to file pre-trial motions pursuant to Federal Rule of Criminal Procedure 12(b) challenging the indictment's charges under 21 U.S.C. § 843(b) "after [their] investigation of the government's evidence revealed that the phone calls were made locally and lacked an interstate nexus." First, because Gino McMahan was acquitted on the Section 843(b) charges, he cannot establish that his counsel's performance prejudiced him. *See Strickland,* 466 U.S. at 694 ("but for counsel's unprofessional errors, the result of the proceeding would have been different"). In other words, there was no better outcome for Gino McMahan than acquittal on these charges. Moreover, there is no interstate element for any offenses under Section 843(b) in the first instance, and thus both Gino and Antonio's second ineffective assistance of counsel argument fails. *See United States v. Colon,* 549 F.3d 565, 572 (7th Cir. 2008) (Section 843(b) makes it unlawful "for any person knowingly or intentionally to use any communication facility in ... facilitating the commission of any act or acts constituting a felony" in violation of the Controlled

Substances Act); *United States v. Roberts,* 14 F.3d 502, 519 n.29 (10th Cir. 1993) ("Neither the statute nor the case law includes an interstate nexus as an element of the offense" under 21 U.S.C. § 843(b)).

### B. Commerce Clause Challenges – Grounds III and V

Next, Petitioners argue that the "United States Attorney and other federal agents and officers acted under the color of legal authority by instituting federal proceedings against the defendants knowing that no crimes were committed by them within or against the United States, and where the United States lacked territorial jurisdiction over the properties where the alleged federal crimes had occurred and lacked subject-matter jurisdiction to prosecute criminal offenses committed solely within the state of Illinois' boundaries and jurisdiction." Petitioners also maintain that appellate counsel provided ineffective assistance of counsel because they failed to raise these issues on direct appeal.

Construing Gino and Antonio McMahan's pro se Section 2255 motions liberally, it appears that they are making another attempt at their interstate commerce argument, namely, that the Court did not have jurisdiction over their prosecutions because the charged offenses were committed solely within Illinois. Petitioners' arguments are misplaced because "Congress has the power under the Commerce Clause 'to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *United States v. Blum,* 534 F.3d 608, 610 (7th Cir. 2008) (quoting *Gonzales v. Raich,* 545 U.S. 1, 17, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005)); *see also Fry v. United States,* 421 U.S. 542, 547, 95 S.Ct. 1792, 44 L.Ed.2d 363 (1975) ("[e]ven activity that is purely intrastate in character may be regulated by Congress, where the activity, combined with like conduct by others similarly

situated, affects commerce among the States or with foreign nations...").  Moreover, it is well-established that drug trafficking constitutes a class of activities that necessarily affects interstate commerce.  *See Gonzales,* 545 U.S. at 15-17; *see also United States v. Westbrook,* 125 F.3d 996, 1009 (7th Cir. 1997) ("Congress validly exercised its authority under the Commerce Clause when it enacted the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.,* which includes the cocaine distribution conspiracy statute, 21 U.S.C. § 846.").  As the Seventh Circuit instructs, "it is common knowledge that the traffic in most illegal drugs – certainly including cocaine, the drug involved in this case, very little of which is manufactured in the United States because no coca is grown here – is national or (in the case of cocaine) international rather than local." *Dawson,* 425 F.3d at 392.  The *Dawson* court further explains, "[o]f course there are local ***sales*** of the drugs, at the end of the commerce chain; but these, taken in the aggregate, certainly affect the interstate and international traffic in these drugs, and that is the only handle that Congress requires to be empowered by the commerce clause to legislate with respect to the local sales." *Id.* (emphasis in original).  As such, Petitioners' last two claims challenging the lack of an interstate nexus fail, including their ineffective assistance of appellate counsel claims.  *See Suggs v. United* States, 513 F.3d 675, 678 (7th Cir. 2008) ("Only if an ignored issue is 'clearly stronger' than the arguments raised on appeal will the attorney's performance be considered constitutionally deficient").

    **C.**    **Indictment Challenge – Ground IV**

Finally, both Gino and Antonio McMahan argue that the "government charged and convicted petitioners for the commission of infamous crimes without the Grand Jury's Indictment."  Petitioners' arguments have no factual predicate because Petitioners were charged

8

by a second superseding indictment on January 26, 2005. (R. 225-1.) Specifically, the second superseding indictment charged Gino McMahan with conspiracy in violation of 21 U.S.C. § 846 (Count I), distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count III), and two counts use of a communication facility to commit a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Counts VIII and IX). The superseding indictment charged Antonio McMahan with conspiracy in violation of 21 U.S.C. § 846 (Count I), distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II), two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) (Counts IV, V), and three counts of use of a communication facility to commit a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Counts VII, X, XI). In addition, both Gino and Antonio McMahan were arraigned on the second superseding indictment. Because there is no factual basis for Gino and Antonio McMahan's post-conviction claims challenging the grand jury indictment, any such claims must fail.

## CONCLUSION

For these reasons, the Court denies Gino and Antonio McMahan's motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255.

**Dated:** March 2, 2009

                                            **ENTERED**

                              **AMY J. ST. EVE**
                              **United States District Court Judge**